IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STRAD OILFIELD SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| DYNAMIC STRUCTURES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Strad Oilfield Services, Inc. ("Strad"), by its and through their counsel, Clark Hill, PLC, files the within Complaint and states as follows:

### INTRODUCTION

1.      Strad initiates this civil action seeking damages for breach of contract and unjust enrichment.

2.      Strad's claims are based upon a series of rentals agreements and work orders entered into with Defendant, Dynamic Structures Inc. ("Dynamic"), which form a valid contract between Strad and Dynamic (the "Agreement").  A true and correct copy of the Agreement entered into with Dynamic is attached hereto as "Exhibit A," and is incorporated by reference as if set forth at length herein.

3.      Strad seeks recovery of damages it has incurred as a result of Dynamic's refusal to acknowledge its obligations for payment and the resulting breach thereof.

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff, Strad Oilfield Services, Inc., is a Colorado corporation with its principal place of business at 600 17th Street Suite 1400N, Denver, Colorado 80202.

2.      Defendant, Dynamic, is an Ohio corporation with its principal place of business at 3790 SR 7, New Waterford, Ohio 44445.

3.      The amount in controversy is greater than $75,000.00, exclusive of interest and costs, and the parties possess diverse citizenship for purposes of 28 U.S.C. § 1332. Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. §1332.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this district, and the subject matter of this Complaint arises out of the parties' transaction of business in this district.

## BACKGROUND FACTS

5.      Beginning on or about February 18, 2015, Dynamic rented certain drilling equipment, including rig mats (the "Equipment"), from Strad. See Exhibit A.

6.      Also beginning on or about February 18, 2015, Strad provided maintenance services and labor associated with the Equipment (the "Services") to Dynamic. See Exhibit A.

7.      Strad continued to provide the Equipment and to provide the Services to Dynamic, pursuant to the Agreement, until December 2015.

8.      Pursuant to the Agreement, Strad provided the Equipment and Services to Dynamic from Strad's business location at 116 Baker Drive, Waynesburg, Pennsylvania 15370.

9.      For each order that Dynamic placed with Strad, Strad sent an Invoice to Dynamic, noting the Equipment and Services provided at Dynamic's request, and the rental and labor price from Strad. Copies of the unpaid invoices from Strad to the Dynamic are attached hereto and incorporated herein as "Exhibit B."

10.     On December 23, 2015, counsel for Strad sent a letter to Dynamic demanding payment, in full, on the amounts then due and owed to Strad in the amount of $240,590.07. A

204371596

copy of the December 23, 2015 letter from counsel for Strad is attached hereto and incorporated herein as "Exhibit C."

11.     In the event that Dynamic fails to make all payments pursuant to the Agreement, the Agreement provides that Strad may collect "all damages, fees (including attorneys' fees), costs and disbursements Strad incurs due to [Dynamic's] failure to pay on or before the Due Date." See "Exhibit A," Agreement, "Strad Equipment Rental Terms and Conditions," ¶7.

12.     As documented in the December 23, 2015 correspondence, in or about November of 2015, Dynamic's Controller, Thomas Beckham, agreed to pay Strad at least $10,000 per week until the outstanding amount was paid in full. See "Exhibit C."

13.     Dynamic has failed to abide by its agreement to pay $10,000 per week.

14.     Dynamic has made no payment since the December 23, 2015 correspondence, and the full amount of $251,620.08 (the "Outstanding Balance"), which now includes additional interest at the contractual rate through March 31, 2016, remains due and owing to Strad.

## COUNT I - BREACH OF CONTRACT

15.     The averments contained in Paragraphs 1 through 14 above are incorporated herein by reference as if set forth in full.

16.     A valid contract exists between Strad and the Dynamic in the form of the Agreement, whereby Dynamic rented the Equipment, and procured the Services from Strad. See "Exhibit A."

17.     As consideration for the provision of the Equipment and the Services, Dynamic agreed to pay Strad the amounts set forth in the Agreement. See "Exhibit A" and "Exhibit B."

18.     From February 2015 through December 2015, Strad provided the Equipment and the Services to Dynamic. See "Exhibit A" and "Exhibit B."

19.     Strad performed all of its obligations under the Agreement.

20.     Strad invoiced Dynamic for the rental of the Equipment and for the provision of the Services. See "Exhibit B."

21.     To date, in breach of the contract, Dynamic has failed to pay Strad for the Equipment and the Services in the amount of $251,620.08 (through March 31, 2016), plus continuing interest at the contractual rate. See Exhibit B ("Statement").

22.     Dynamic's failure to make payment of the Outstanding Balance constitutes a breach of the Agreement, and a failure to perform the Agreement on the part of Dynamic.

23.     As a result of Dynamic's breach of the Agreement, Strad has sustained damages in the amount of $251,620.08, plus continuing interest at the contractual rate.

WHEREFORE, Plaintiff, Strad, requests that the Court enter judgment in its favor and against the Defendant, Dynamic, in the amount of $251,620.08, plus continuing interest at the contractual rate, costs, attorneys' fees and all other relief that the Court may deem appropriate.

### COUNT II - QUANTUM MERUIT

24.     The averments contained in Paragraphs 1 through 23 above are incorporated herein by reference as if set forth in full.

25.     In the alternative, Strad seeks payment from Dynamic under the theory of quantum meruit.

26.     Strad provided the Equipment and the Services to Dynamic with the Dynamic's knowledge and approval.

27.     Dynamic has not been paid Strad for the fair and reasonable value of the Equipment and the Services.

28.    Dynamic's retention of the Equipment and the Services constitutes a benefit conferred by Strad upon Dynamic.

29.    The benefit conferred upon Strad by Dynamic was conferred at Strad's expense.

30.    Under the facts of this case, Dynamic's use of the Equipment and receipt of the Services without payment to Strad is unjust and inequitable.

31.    Strad is owed payment for the fair and reasonable value of the Equipment and the Services.

32.    Strad has sustained damages as a result of Dynamic's unjust and inequitable retention of the Equipment and the Services.

33.    Pursuant to the theory of quantum meruit, Dynamic is obligated to Strad for the outstanding fair and reasonable value of the Equipment and the Services.

WHEREFORE, Plaintiff, Strad, requests that the Court enter judgment in its favor and against the Defendant, Dynamic, in the amount of $251,620.08, plus interest, costs, and all other relief that the Court may deem appropriate.

Respectfully submitted,

CLARK HILL, PLC

Dated: April 14, 2016                 By:    /s/ Randolph T. Struk
                                             Randolph T. Struk, Esquire
                                             Pa. I.D. No. 42165
                                             Samuel A. Hornak, Esquire
                                             Pa. I.D. No. 312360
                                             Firm I.D. No. 282
                                             One Oxford Centre
                                             301 Grant Street, 14th Floor
                                             Pittsburgh, PA 15219
                                             Telephone:  (412) 394-7711
                                             Fax:  (412) 394-2555

                                             *Counsel for Plaintiff*
                                             *Strad Oilfield Services, Inc.*

204371596